Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7305 | **DATE** | 9/17/2012 |
| **CASE TITLE** | Joseph A. Jones, Sr. vs. DeVry University | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiff's application for leave to proceed *in forma pauperis* [4] is granted and Plaintiff's motion for appointment of counsel [5] is denied without prejudice at this time. The Court directs the U.S. Marshal's office to effect service of Plaintiff's complaint on Defendant.

■[ For further details see text below.]   Docketing to mail notices. Notices mailed by Judicial staff.

## STATEMENT

Along with his complaint alleging employment discrimination, the Court has before it Plaintiff's application for leave to proceed *in forma pauperis* and financial affidavit [4] and motion for appointment of counsel [5]. Based on Plaintiff's representations as to his financial status, the Court grants Plaintiff leave to proceed *in forma pauperis* and requests that the U.S. Marshal's office effect service of his complaint on Defendant DeVry University.

However, the Court denies the motion for appointment of counsel at this time. Civil litigants have no constitutional or statutory right to counsel in federal court. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner,* 697 F. 2d 761, 763 (7th Cir. 1983). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). Plaintiff has indicated that he contacted multiple law firms, who presumably declined to represent Plaintiff. The Court also considers (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The Court should consider the capabilities of Plaintiff to litigate his own case in deciding whether or not to appoint counsel. *Pruitt v. Mote,* 503 F. 3d 647, 654-55 (7th Cir. 2007) (en banc). Plaintiff indicates that he is a college graduate, and he has thus far presented intelligible pleadings. It also should be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits.

In considering these criteria, the Court cannot determine at this early stage of the case whether Plaintiff would

| STATEMENT |
|---|
| be capable of trying this case himself or whether assistance of counsel would provide a substantial benefit to the Court or the parties. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice. The Court may reconsider the appointment of counsel issue at a later stage of the case if it appears that the standards set forth above are satisfied. In the meantime, the Court advises Plaintiff that the Pro Se Help Desk in the Clerk's Office may be a useful resource. |